Otis Lee RYAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50018.

Court of Criminal Appeals of Texas.

June 18, 1975.

Ken McLean, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Carl Conklin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery by assault; punishment was assessed at 12 years.

Appellant brings three grounds of error.

■ The first and third grounds complain of (1) testimony showing the license plates on appellant's car were stolen and (2) hearsay testimony from jail cards at the punishment hearing. The record reflects that no objections were made to such testimony, hence nothing is preserved for review.

The second ground complains that the trial court denied a juror's request that she be allowed to view the appellant at a close range.

■ The request of the juror is not in the record before us and appears to have been made during a recess in the case, out of the presence of the other jurors and in the presence of the court and attorneys. The events upon which this ground of error is predicated were made to appear in the record by appellant's counsel taking the stand in the absence of the jury and testifying to their occurrence. The events are reflected by the following testimony:

"Okay, for the record, my name is Sam Maida. I am representing Lee Otis Ryan in this cause and would like to have made a part of the record the fact that one of the jurors, I believe Mrs. Dyke, approached Judge Lee Duggan and myself and the assistant district attorney, Mr. Carl Conklin, and asked the Judge if she could be allowed to take a closer look at the accused in this case, Lee Otis Ryan, so that she would have an opportunity to observe the scars on Mr. Ryan's face and arms. I would like for the court to make a ruling on this."

It does not appear that appellant was making a request to reopen under Article 36.02, Vernon's Ann.C.C.P., inasmuch as appellant's counsel testified on the issue:

"I didn't request specifically how it was done. I don't care how it was done. She [the juror] could go and approach him if she would like. I don't care how she viewed him. I think her request should be granted since the scars and his description are material evidence in this case in the testimony."

Later counsel repeated that his request was that the juror be granted her request.[1] It is not within the function or power of the jury or a juror to request or compel the presentation of evidence. Accordingly, it was not error to deny the juror's request.

The judgment is affirmed.

---

1. "THE COURT: State again, now, what is the request you would request, Mr. Maida?
    "MR. MAIDA: The request that the juror's question be granted in her desire to obtain a closer view of the Defendant other than from the jury box and where he is seated."